E-FILED
Tuesday, 24 July, 2018  03:27:38 PM
Clerk, U.S. District Court, ILCD

In the United States District
Court of Illinois Central District
Peoria Division   FILED

JUL 24 2018

CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Jason E. Cohee
     Plaintiff

VS.                              Case # 18-1273

Jerry Brady,
Peoria County State's Attorney
     Defendant

Brian Fitz Simons,
assistant Peoria county
States Attorney
     Defendant

Honorable Judge Paul L. Mangieri
Knox County Judge sitting
by designation in Peoria county
Case number 15-CF-117
     Defendant

p. 1 of 19

# Complaint for Declaratory Relief

Plaintiff, Jason E. Cohee (Plaintiff), pro se complains of the Defendants actions as follows:

## Preliminary Statement

1) This is an action for declaratory relief to vacate a "conditional release order, that is attached, instigated and signed by the Defendant's in People of the State of Illinois vs. Jason E. Cohee in Peoria county case number 15-CF-117. The said order violates 42 U.S.C. s1983 at the 4th Amendment's privacy clause.

## Jurisdiction and Venue

2) This Court has jurisdiction over this action pursuant 28 U.S.C. s1331 [federal question jurisdiction] and 1334(3) [jurisdiction over actions for violations of constitutional and federal rights secured by 42 U.S.C. s1983], and over Plaintiff's declaratory relief action under 28 U.S.C. ss2201, 2202, and Rule 60(b)(3).

p. 2 of 19

3)  This Court also has supplemental jurisdiction over Plaintiff's pendant state ~~and~~ constitutional and statutory law claims under 28 U.S.C. s1367.

4) Plaintiff is an individual residing in this judicial district and is a citizen of the state of Illinois.

5) Plaintiff's claims arise out of Defendants' activities in this judicial district.

6) Venue is proper in this district under 28 U.S.C. s1391(b).

Parties

7) Plaintiff, Jason E. Cohee, is a resident of Mapleton, IL who is under an order of "conditional release" under color of Illinois statute 730 ILCS 5/5-2-4 "Proceedings after aquittal by reason of insanity."

8) Defendant, Jerry Brady, is Peoria county's State's Attorney.

p. 3 of 19

9) Defendant, Brian Fitz Simons, assistant State's Attorney under Jerry Brady in Peoria county. He is the prosecutor in Plaintiff's case number 15-CF-117.

10) Defendant, Honorable Judge Mangieri, who is a Judge in Knox county Illinois. He is the Honorable Judge who was on Peoria county case number 15-CF-117.

Allegations and Facts Common to All Claims

11) The three named Defendants were all responsible and negligent for failing to read 730 ILCS 5/5-2-4 in its entirety before the "conditional release order" was handed down. The negligence violated statutory construction, and they confronted the Plaintiff outside of the Court's juridiction pursuant said Illinois statute.

12) The "conditional release order" for five years comes out of paragraph (h) where it is stated; "[S]uch

p. 4 of 19

conditional release shall be for
a period of 5 years as provided
in paragraph (D) of subsection
(a-1)."

The Illinois Supreme Court in
Williams v. Staples, 208 Ill. 2d
480 (2004) states: "The legislature
~~intent~~ did not intend to permit
an insanity aquittee who violates
conditional release to be held
past his Theimdate." The "conditional
release order" is for 5 years, and
the Plaintiff was incarcerated
from 2/22/2015 to 5/18/2018.

13) Next Plaintiff observes
subsection (D)(a-1), and it states
in part; "[H]owever in no event
shall the defendant's period of
conditional release continue
beyond the maximum period of
commitment ordered by the
Court pursuant to (b) of this
section."

Paragraph (b) in part states;
"[S]uch period of commitment
shall not exceed the maximum
time that the defendant would
have ~~served~~ been required to
serve, less credit for good time
behavoir as provided in section

P=5 of 19

5-4-1 of the Unified Code of
Corrections, before being eligible
for release had he been convicted
of the most serious crime for
which he has been aquitted by
reason of insanity..." The
Plaintiff claims he had perfect
behavoir for the time he was
incarcorated. That would put him
outside of the court's jurisdiction.
14)   The Plaintiff was Not Guilty
by Reason of Insanity for a
Class 3 felony of "Threating a
Public Official." His time to
serve was 5 years. The Plaintiff
brings the authorities of
People v. Tanzy, 99 Ill. 2d 19 (1983),
and People v. Spudic, 144 Ill. App.
3d 1071 (4th Dist. 1986)
        Tanzy claims that; "when
determining the maximum term
for which a defendant may
be committed to Dept. of Mental
Health after having been aquitted
by reason of insanity both
compensatory and statutory
good time must be deducted."
Plaintiff claims he had perfect
behavoir and his good time
was not offered to him.

p. 6 of 19

Spudic is on point by stating:
"Defendant was charged with
felony theft and found not guilty
by reason of insanity. He was then
committed to the Dept. of Mental
Health for 5 years, less good behavoir
credit. The five year sentence
was the maximum length of
commitment allowable, because
the longest sentence possible
for felony theft (a class 3 felony)
is five years.

"After serving more than the
maximum term of 2½ years
(5 years, minus day for day good time)
defendant filed a Motion for
discharge. The trial judge denied
the Motion after finding that the
defendant was still in need of
mental health services on an in-
patient basis. Once defendant
has served the maximum term
he cannot be held under P1005-2-4.
However, if a defendant who has
served the maximum term of
commitment has not yet recovered
from his mental illness, he may
be subject to civil commitment."
The plaintiff claims he is
outside of the Court's jurisdiction

p. 7 of 19

in Peoria county case number
15-CF-117, and his statutory
rights have been violated.

15) The Plaintiff can also claim
a Due Process violation for
42 U.S.C. S1983 action at: "Due
Process; Although the broad
discretion that the legal system
vests in prosecuting Attorney is
well-established there are constitutional
limits on the prosecutors exercising
his discretion, Bordenkircher V.
Haynes 434 U.S. 357 (1978) at 365.
For example the gaurantee of
due process prohibits prosecutors
choosing to proceed against a
statutory or constitutional right,
see Bordenkircher at 363 (to punish
a person because he has done what
the law plainly allows him to do is
a violation of the most basic sort.)
The Plaintiff has the idea that
he would have to violate the
conditional release order for a
violation of Due Process to take
effect. Maybe not.

16) The prosecutor, Brian FitzSimons
and Peoria county's State's
Attorney, Jerry Brady, are to
                    p. 8 of 19

be held liable in civil prosecution because their actions violate Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982), and they lose their immunity at." "We therefore hold that government officials performing discretionary functions, generally are shielded from liability for civil damages in so far as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Wood v. Strickland 420 U.S. at 322."

17) plaintiff further claims that the Honorable Judge Mangieri is also susceptable to civil damages because the Plaintiff is outside of the Court's jurisdiction. Mireles v. Waco 502 U.S. 9 9-10 states. "[O]ur cases make clear that "the immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for non-judicial actions i.e., actions not taken in the judges judicial capacity. Second, a Judge is not immune for actions, though judicial in nature,

p. 9 of 19

taken in the complete absence
of all jurisdiction. Forrester
V. White, 484 U.S. at 356 - 357. "
Plaintiff can also put the
reasonable person standard in at
this point because the three
Defendants were not reasonable
people and should be able
to decipher the Illinois statute
as the Plaintiff has.

10)    Plaintiff also claims the tort
of "abuse of process" on all three
Defendants. The authority of
Kirchner v. Green, 1-96-3497 Ill.
App. states the elements in Count
III : "The two elements of a
claim for abuse of process are
(i) some act in the use of the
legal process not proper in
regular prosecution of such
proceedings, and (2) the existence
of an ulterior motive." "Some
act must be alleged whereby
there has been a misuse or
perversion of the process of
the court." Holiday Magic, 4 Ill.
App. 3d at 967 "The gist of
the tort of abuse of process is
~~contained~~ contained in this

title. An actionable tort does not exist unless there is some improper use of the process of the court.""

Plaintiff claims "ulterior motive or purpose" was to keep him 5,000 feet away from his victim, Judge Jodi Hoos. This is done by the use of a GPS. ankle monitor.

19) The plaintiff claims he has grounds for fraud upon the court. "There are two grounds which customarily are assigned for a collateral attack upon a judgment: fraud and want of jurisdiction. The latter usually involves the former, but the two are clearly distinguishable. The question of jurisdiction can always be raised. No judgment can be binding if the court which rendered it was without jurisdiction."

"It is one of the fundamental principles of justice that be forever at rest. Stare decisis. The principle commonly spoke of as "res adjudicata" is but an outgrowth of this underlying rule. "Interest republicae ut sit finis litem." On the other

p. 11 of 19

hand it is no less fundamental
that no man should be allowed
to take advantage of his own
fraud." (University of Pennsylvania
Law Review (1916) Collateral Attack
upon Judgement on the Ground
of Fraud)

Plaintiff claims a violation
of 28 U.S.C. Rule 60(b)(3), and
asks for relief pursuant 28 U.S.C.
Rule 60. This Court is also empowered
to grant injunctive relief pursuant
to Fed. R. Civ. P. 65.

20) In the order for "conditional release"
it is stated that the Plaintiff, in
the instant case, must stay 5,000
feet away from his victim, Judge
Jodi Hoos's residence. Therefore, he
wears a G.P.S ankle monitor.

In U.S. v. Karo the Court
states: "we cannot accept the
government's content, on that
it should be completely free
from the constraints of the
4th amendments to determine
by means of electronic device
without warrant and without
probable cause or reasonable
suspicion whether a particular
article or person for that
p. 12 of 19

person for that matter is in
an individuals home at a particular
time. Indiscriminate monitoring
of property that has been with
drawn from public view would
present to serious a threat to
privacy interests in the home
to escape some sort of 4th
Amendment oversight." The
privacy issue beyond the GPS
device is that the Peoria Human
Service center is to randomly and
periodically check the residence
to insure that there are no firearms,
and that the plaintiff still
lives at the residence.

What is problematic to the
Plaintiff is that there is an
automated number that calls
him when he is in an all metal
building, where he conducts
his daily business. The controlling
Illinois statute is 730 ILCS
5/5-8A-5(c) states; "Ensure that
the device be minimally intrusive
upon the privacy of participants,
and other persons living in the
home ..." The automated number
calls in the middle of the night
instructing me to plug in the
device for some reason. This
p. 13 of 19

wakes both my Mom and I.
People v. Alexander 650 N.E.
2d 1038 at 1043 states in concert
with my place of business:
"In People v. Johnson (1986) 144
Ill. 2d 170 our supreme court
noted that, "[t]he 4th Amendment
protection against unreasonable
government search and siezure
extends to individuals who have
reasonable expectetion of privacy
in the place searched or property
seized...The Johnson Court identified
several factors which are to be
considered in determing whether
a defendant has standing to
contest the constitutional validity
of search and seizure: (1)
ownership of the property searched;
(2) whether defendant was legitametly
present in the area searched; (3)
his possesionary interest in the
area or property seized; (4) prior
activity of the area searched or
property seized; (5) the ability
to control or exclude others use
of the property; and (6) a
subjective expectation of
privacy in the property." The
Plaintiff can satisfy 4 out of
the 6 of the expected criteria.
                    p. 14 of 19

The monitor is a complete nuisance to the extent that the phone calls instruct the Plaintiff to plug in the device for 15 minutes that tethers him to an electrical outlet. Then it calls him and instructs him to go outside for 15 minutes. After that he is expected to plug the device back into the electrical outlet for the duration of a full charging cycle that could take upwards of two hours.

The issue of privacy cannot be over stated in Plaintiff's place of business.

21) Here comes the idea that there has been attorney and Judge misconduct. In "Skolnick v. Gray 191 Ill. 2d 214. A reminder that the Duty to Report in Illinois is absolute despite the fact no other attorney has been sanctioned solely for violating the duty to report, the concern surrounding Himmel has not dissipated over the past twenty years. This is due, in part, to the Illinois Supreme Court's commitment to strictly applying the duty to report." Since, as the Defendant

in case number 15-CF-117, the plaintiff filed a pro se Brief so he is an attorney of record in the said case.

In the landmark decision of In re Himmel 125 Ill.2d 531, 544 the Court states: "In evaluating the proper quantum of discipline to impose, we note that it is this Court's responsibility to determine appropriate sanctions in attorney disciplinary cases. we have stated that while recommendations of the Boards are to be considered, this Court ultimately bears responsibility for deciding an appropriate sanction." Therefore the Illinois Supreme court has a vested interest in the instant case and 15-CF-117 for attorney misconduct under Supreme court rule 137 after this final judgment.

Rule 8.3. Reporting Professional Misconduct (b) also includes the fitness of a trial Judge. Rule 8.4 "misconduct" of Rules of Professional Conduct at (a)(4) "engage in conduct involving dishonesty, fraud, deceit, or misrepresentation." To continue with the a common law statement about the prosecutor from the

Illinois Supreme Court in 1924 says; "The States Attorney in his official capacity is the representitive of all people, including the defendant, and it was as much his to safeguard the constitutional rights of the defendant as those of any other citizen." People v. Cochran 313 Ill. 508, 526 (1924). As a pro se Plaintiff in the instant case there must be an avenue for disciplinary action to Illinois Supreme Court for disciplinary action of the three named Defendants, but the Plaintiff is unaware of the appropiate procedure.

    WHEREFORE, Plaintiff requests the following relief, and prays that this Honorable Court to:

1. Assume jurisdiction over this action;

2. Issue a declaration that Peoria county case number 15-CF-117 's order for conditional release is null, void, and vacated because:

    a) Violates the 4th Amendment.

p. 17 of 19

b) Violates the Due Process clause of the United States Constitution.

c) The Defendants in the instant case are outside of the statutory limits and jurisdiction of 730 ILCS 5/5-2-4 to amount to gross negligence of a willful and wanton ~~malicious~~ malicous nature.

3) Enter judgment against Defendents and in favor of Plaintiff on all claims asserted in this complaint;

4) Manage to send the facts of the case to the Illinois Supreme Court to have the three Defendents sanctioned under color of Suprem Court Rule 137 because the instant case is the one where a final judgement will be made in 15-CF-117. There is a 30 day statute of limitations in 137 after a final judgment.

5) Award Plaintiff the costs of the suit and attorney fees pursuant to 42 U.S.C. s1988;

p. 18 of 19

6) Hold one count to each Defendant for the violation of "abuse of process."

7) Hold one count to each Defendant for violating Illinois Supreme Court Rule 137 at: "[b]elief formed after reasonable inquiry it is well grounded in fact and is warranted by excisting laws.."

8) Grant such other relief as is just and proper as this Court may allow and so rule.

Attached: Petition to proceed as a pauper

Attached: Plaintiff's "conditional Release order" in case # 15-CF-177.

Attached: "Memorandom of Law"

Dated: 7/23/2018          Submitted with respect,
                          Jason Cohee
                    pro Jason Cohee
                          10232 Lake Camelot Dr.
                          Mapleton, IL 61547
                       ph. 309-408-8816
                    e-mail: jasoncohee2@gmail.com


                    p. 19 of 19

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT OF ILLINOIS
PEORIA COUNTY

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) |
| Plaintiff, | ) |
| | ) Case Number: 15 CF 117 |
| vs. | ) |
| | ) |
| JASON COHEE | ) |
| Defendant, | ) |

**FILED**
ROBERT M. SPEARS

MAY 18 2018

CLERK OF THE CIRCUIT COURT
PEORIA COUNTY, ILLINOIS

<u>ORDER FOR CONDITIONAL RELEASE</u>

Judge Mangieri presiding. The People represented by Jerry Brady, State's Attorney of Peoria County, and his Assistant, Brian W. FitzSimons. The defendant is represented by his attorney David Rumley.

**FINDINGS:**

The matter comes before the court on post-NGRI proceedings. The parties stipulate to the findings in Dr. Olt and the Department of Human Services (DHS) report of February 13, 2018 recommending transfer to an out-patient setting.

**IT IS THEREFORE ORDERED THAT:**

The State's Attorney's designee is BRIAN FITZSIMONS of the Peoria County State's Attorney's Office, located at 324 Main Street, Room 111 in Peoria, Illinois 61602. (309) 672-6900

Pursuant to 730 ILCS 5/5-2-4 the Defendant is to be conditionally released to the out-patient care of the Peoria Human Service Center for a period of **5 years**, beginning **MAY 18, 2018** and ending **MAY 18, 2023**, subject to the conditions listed below:

I
CONDITIONS OF RELEASE

The Defendant must comply with the following conditions of his release from DHS:

1. The Defendant must live with his mother, Mary Cohee, at 10232 W. Camelot Drive in Mapleton, Illinois

2. The Defendant must attend all appointments and obey all treatment directives of the Human Service Center and his treating psychiatrist

3. The Defendant must take all medications in the manner prescribed by his treating psychiatrist and submit to testing to ensure compliance thereof.

4. The Defendant is to consume NO alcohol or drugs, except for those prescribed by his doctor.

5.  The Defendant may not possess any firearms or live in a residence where firearms are kept, regardless of the ownership of those firearms

6.  The Defendant must not come within 5,000 feet of the victim's home address and wear an electronic monitor to ensure compliance thereof. The electronic monitoring is to be performed by the Peoria County Adult Probation Office which shall immediately report to the court and the State's Attorney's Office any violation of this condition.

7.  The Defendant must not enter the Peoria County Courthouse unless (1) to attend any court hearing in which he is a party or subpoenaed witness, or (2) for a legitimate purpose in a county office located within the courthouse, provided that the Defendant can prove to authorities that he is within the court house for that purpose. The Defendant shall immediately leave the courthouse at the conclusion of any event described above.

8.  The Defendant must not be within 300 feet of the victim at any time, except in those instances described in paragraph 7.

II
ORDER TO THE HUMAN SERVICE CENTER

The Human Service Center of Peoria is ordered as follows:

1.  Submit to the Court progress reports as required by 730 ILCS 5/5-2-4(a)(D)

2.  Immediately report to the Court and State's Attorney's Office any noncompliance by the Defendant of his treatment directives as well as any other violation of the conditions listed above that are made known to the Human Service Center.

3.  Randomly and periodically visit the defendant at **10232 W. Camelot Drive in Mapleton, Illinois**, or at any other address that has been approved by the Court, to ensure that the Defendant is, in fact, living in that address. The Human Service Center shall immediately notify the Court and the State's Attorney's Office if the Defendant is no longer living at a court-approved address

4.  Ensure that there are no firearms located in the Defendant's address and immediately report the presence of any firearms to the Court and State's Attorney's Office.

5.  Randomly and periodically drug test the Defendant to ensure he is taking his prescribed medications.  s/Judge Paul Mangieri

JUDGE PAUL MANGIERI
JUDGE OF THE 10th JUDICIAL
CIRCUIT

Page 2 of 3

Defendant acknowledges receipt of the above document setting forth the conditions of his conditional release and understands that a failure to follow these conditions could result in his conditional release being revoked and placement back into the custody of the Department of Human Services for a period of to the maximum prison sentence for the crime for which he was found NGRI.

_____ Defendant   Date _5_/_18_/_2018_

Proof of Delivery

Jason E. Cohee
        Plaintiff

        Vs.

                        Case # 18-1273

Brian Fitz Simons,
        Defendant
Jerry Brady
        Defendent
Judge Paul L. Mangieri
        Defendent

1) I am sending the following
court document: "Complaint for
Declaratory Relief" to:

a) Brian Fitz Simons at
Peoria county State's Attorney
office
324 Main Street
Room 111
Peoria, IL 61602
by certified mail with return
of service

b) Jerry Brady at
State's Attorneys Office
324 Main Street
Room 111
Peoria, IL 61602
                        p.1 of 2

by certified mail with
return of service.

c) Honorable Judge Paul L.Mangieri
at Knox County Courthouse
200 South Cherry Street
Galesburg, IL 61401
by certified mail with return
of service.

Dated: 7/23/2018          Jason Cohee
                          Jason Cohee

phone 309-408-8816

Jason Cohee
10232 Lake Camelot Drive
Mapleton, IL 61547

P. 2 of 2